## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| **MIKIALA COLLAINS, and** | ) | |
| **LADENA LEWIS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:23 CV 42** |
| | ) | |
| **INDIANA BEACH HOLDINGS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION and ORDER</u>

This matter is before the court on the issue of subject-matter jurisdiction, as raised by plaintiffs in their objection to defendant's notice of removal and motion to remand. (DE # 7.) For the reasons set forth below, the objection is overruled and the motion is denied.

## I.    BACKGROUND

This case stems from injuries plaintiffs claim they sustained at an amusement park allegedly owned and operated by defendant. Plaintiffs originally filed this lawsuit in the White County Superior Court in the State of Indiana. (DE # 4.) Defendant removed the case to federal court, claiming that this court may properly exercise diversity jurisdiction over the matter. (DE # 1.) Plaintiffs objected to removal. (DE # 7.) Defendant responded (DE # 11), and no reply was filed by plaintiffs. The matter is ripe for ruling.

## II.     LEGAL STANDARD

A defendant in state court may remove a case to a federal district court only if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). If the district court does not have jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). The jurisdiction alleged to exist in this case is diversity jurisdiction, which is present only when there exists diversity of citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

When considering whether to remand a case that has been removed to federal court, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt regarding jurisdiction resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). The burden of establishing federal jurisdiction falls on the party seeking removal. *Id.; see Oshana v. Coca–Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006).

## III.     DISCUSSION

The parties first dispute whether diversity of citizenship exists. Plaintiffs contend that they are citizens of Indiana, and so is defendant, so diversity jurisdiction cannot exist. Plaintiffs cites to defendant's Indiana business address as proof of defendant's citizenship. (DE # 7 at 2.) However, defendant is a limited liability company. (DE # 7-1.) The citizenship of a limited liability company is determined by the citizenship of each member. *Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534 (7th Cir. 2007). Citizenship "depends on domicile— that is to say, the state in which a person intends to live over

2

the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

Plaintiffs do not dispute that defendant's two members are domiciled in the State of

Illinois. (*See* DE # 1 ¶ 4.) Accordingly, plaintiffs and defendant are not citizens of the

same state, and diversity of citizenship exists.

The parties next dispute whether defendant timely filed its notice of removal.

The controlling statutory provision allows defendant to remove a case within thirty

days of receipt of a paper from which it may first be ascertained that the case is one

which is or has become removable. 28 U.S.C. § 1446(b)(3).

Plaintiffs do not dispute defendant's evidence indicating that on May 1, 2023,

defendant offered plaintiffs the opportunity to stipulate to an amount in controversy

less than $75,000. (DE # 1-3 at 4.) Defendant reasonably sought confirmation regarding

the stipulation by May 31, 2023, after which defendant indicated it would seek removal

to federal court. (*Id.*) On May 9, 2023, plaintiffs' attorney responded that he "didn't

know" if he could stipulate. (*Id.* at 3-4.) The May 31, 2023, deadline passed, with no

stipulation by plaintiffs. Defendant thereafter removed on June 5, 2023. (DE # 1.)

As the Seventh Circuit has held, "refusal to admit that the [the amount in

controversy] would not exceed $75,000 raise[s] the reasonable inference that it would."

*Oshana,* 472 F.3d at 512. Accordingly, the court finds that defendant received a paper

from which it could have first been ascertained that the amount in controversy could

exceed $75,000 (therefore rendering the case removable) either on May 9, 2023, when

plaintiffs' counsel responded he "didn't know," or when the May 31, 2023, stipulation

deadline passed. Either way, defendant's June 5, 2023, notice of removal was within the 30-day window set forth in Section 1446(b)(3). In other words, the notice of removal was timely.

In passing, defendant summarily demands that the court require plaintiffs to pay the costs and fees associated with defendant's defense of its decision to remove. (DE # 11 at 7.) The court summarily denies the request, without prejudice.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' objection to defendant's notice of removal is **OVERRULED,** and the motion to remand is **DENIED.** (DE # 7.)

**SO ORDERED.**

Date: March 11, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4